IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARY COLEEN NELSON,**

        Plaintiff,

  vs.                                            Civil Action 2:14-cv-1363
                                                  Judge Frost
                                                  Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

**REPORT AND RECOMMENDATION**

      This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is now before the Court on *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 14, *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 17, and *Plaintiff's Reply to Defendant's Memorandum in Opposition,* Doc. No. 18.

**I.    Background**

      Plaintiff Mary Colleen Nelson filed her application for a period of disability and disability insurance benefits on September 29, 2010, and her application for supplemental security income on April 21, 2011, alleging that she has been disabled since May 31, 2007. *PAGEID* 60, 70, 235-45. The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge. An administrative hearing was held on May

8, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Hermona C. Robinson, Ph.D., who testified as a vocational expert. *PAGEID* 60, 76. In a decision dated May 21, 2013, the administrative law judge concluded that plaintiff was not disabled from May 31, 2007, through the date of the administrative decision. *PAGEID* 60-70. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 24, 2014. *PAGEID* 50-52.

Plaintiff was 53 years of age on the date of the administrative decision. *See PAGEID* 76, 235. Plaintiff was last insured for disability insurance purposes on December 31, 2010. *PAGEID* 62. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a delivery driver, line item researcher/billing clerk, and nursing assistant. *PAGEID* 69. She has not engaged in substantial gainful activity since May 31, 2007, her alleged date of onset of disabiliy. *PAGEID* 62.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of "mild degenerative changes of the cervical spine; mild spondylolisthesis of the lumbar spine; major depressive disorder; anxiety disorder; attention-deficit/hyperactivity disorder (ADHD); and a history of alcohol and cannabis dependence in sustained, full remission." *PAGEID* 62. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed

impairment and leave plaintiff with the residual functional capacity ("RFC") to perform

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is capable of lifting, carrying, pushing and pulling 50 pounds occasionally and 25 pounds frequently and sitting, standing, and walking for six hours each in an eight-hour workday. Mentally, the claimant retains the ability to understand, remember and carry out simple tasks and instructions; maintain concentration and attention for two hour segments in an eight-hour workday; respond appropriately to supervisors and co-workers in a task-oriented setting where contact with others is casual and infrequent; and adapt to simple changes and avoid hazards in a setting without strict production quotas.

*PAGEID* 63-65. Although this RFC would preclude plaintiff's past relevant work as a delivery driver, line item researcher/billing clerk, and nursing assistant, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such representative jobs as inspector, cleaner, and machine tender. *PAGEID* 69-70. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from May 31, 2007, through the date of the administrative decision. *PAGEID* 70.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595

(6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff contends that the administrative law judge improperly evaluated the medical evidence of record. Although plaintiff specifically argues that the administrative law judge erred in evaluating the opinions of a number of acceptable medical sources, *see Statement of Errors*, pp. 7-15, the Court concludes that the matter must be remanded for further consideration of the September 20, 2012 narrative report and medical source statement of Herbert A. Grodner, M.D.

4

Plaintiff was consultatively evaluated by Dr. Grodner on September 20, 2012. *PAGEID* 443-56. Upon examination, Dr. Grodner noted that plaintiff had a mildly antalgic gait and some difficulty toe and heel walking, and that she could partially squat. *PAGEID* 444. She had 5/5 strength in all muscle groups, normal grasp and manipulation, and grip strength of 6 psi. *PAGEID* 445. She had very mildly decreased range of motion of the lumbar spine, of the ankles, and of the knees, but normal range of motion of the cervical spine. *Id*. X-rays of the lumbar spine revealed mild spondylolisthesis and x-rays of the cervical spine revealed normal anatomical alignment, but some narrowing of the interveterbral spaces, especially in the upper cervical vertebrae. *Id*. In a narrative report, Dr. Grodner opined that plaintiff "could perform most types of activity that would be classified as sedentary, light, or even modified moderate activity." *Id*. Plaintiff "would have some difficulty with repetitive bending and lifting, lifting heavy objects more than thirty or thirty-five pounds repetitively." *PAGEID* 445-46. Dr. Grodner further opined that plaintiff "may have some difficulty with repetitive climbing ladders and scaffolding or even stairs." *PAGEID* 446.

Dr. Grodner also completed a medical source statement on September 20, 2012. *PAGEID* 451-56. According to Dr. Grodner, plaintiff's lower back pain, mild "DJD cervical spine," and mild spondylolisthesis of the lumbar spine would limit plaintiff to lifting and carrying 21 to 50 pounds occasionally, 11 to 20 pounds frequently,

5

and 10 pounds continuously. *PAGEID* 451. Plaintiff would be able to sit for 8 hours in an eight-hour workday, for five hours without interruption; she could stand for six hours in an eight-hour workday, for two hours without interruption; and she could walk for five hours in an eight-hour workday, for two hours without interruption. *PAGEID* 452. Dr. Grodner opined that plaintiff could frequently push/pull and frequently operate foot controls. *PAGEID* 453. Because of her pain and decreased range of motion, plaintiff could only occasionally climb ladders or scaffolds, kneel, crouch, and crawl, and could frequently climb stairs and ramps, balance, and stoop. *PAGEID* 454. Dr. Grodner further opined that plaintiff could occasionally tolerate exposure to unprotected heights and vibrations and could frequently tolerate exposure to moving mechanical parts, humidity and wetness, dust, odors, fumes, pulmonary irritants, and extreme cold and heat. *PAGEID* 455. She could operate a motor vehicle. *Id.*

     As a consultative examiner, Dr. Grodner is properly classified as a nontreating source. *See* 20 C.F.R. §§ 404.1502, 416.902 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]."). With regard to nontreating sources, the agency will simply "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined" the claimant. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). In

6

evaluating the opinion of a nontreating source, an administrative law judge should consider such factors as "the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in her specialty." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)).

The administrative law judge evaluated Dr. Grodner's September 2012 opinion as follows:

> Dr. Grodner performed another independent medical consultative examination in September 2012 and opined that the claimant could perform most types of activity that would be classified as sedentary, light, or even modified moderate activity. He indicated that she would have some difficulty with repetitive bending and lifting, lifting heavy objects more than 30 or 35 pounds repetitively. He noted that she may have some difficulty with repetitively climbing ladders, scaffolding and stairs (Exhibit 13F).
>
> Dr. Grodner's [September 2012] opinion is given great weight as it is mostly consistent with the medical evidence of record.

*PAGEID* 65-66. Plaintiff argues that the administrative law judge erred in evaluating Dr. Grodner's September 2012 opinion by assigning great weight to the opinion without adopting all of the limitations articulated by Dr. Grodner or providing any explanation for excluding the limitations found by him. *Statement of Errors*, pp. 8-11; *Plaintiff's Reply*, pp. 1-2. According to plaintiff, it is not clear whether the administrative law judge considered Dr. Grodner's medical source statement; plaintiff argues that the administrative law judge's cursory analysis "has prevented this Court from determining whether

7

his reasoning was supported by substantial evidence." *Statement of Errors*, pp. 8-11; *Plaintiff's Reply*, pp. 1-2.  This Court agrees.

The administrative law judge discussed the limitations found by Dr. Grodner in his narrative report and found that Dr. Grodner's opinion was "mostly consistent with the medical evidence of record." *PAGEID* 65-66.  In discussing Dr. Grodner's narrative report, the administrative law judge referred to Exhibit 13F, which contains Dr. Grodner's narrative report and medical source statement, but the administrative law judge failed to discuss any of the limitations found in Dr. Grodner's medical source statement.  Although Dr. Grodner opined in his narrative report that plaintiff "could perform most types of activity that would be classified as sedentary, light, or even modified moderate activity," *PAGEID* 445, his medical source statement contains more specific limitations that are inconsistent with the administrative law judge's RFC determination and a finding that plaintiff could perform medium work.  *See* 20 C.F.R. § 404.1567(c); SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).  The RFC found by the administrative law judge would limit plaintiff to, *inter alia*, frequently lifting 25 pounds and sitting, standing, and walking for six hours each in an eight-hour workday. *PAGEID* 65.  However, Dr. Grodner's medical source statement limited plaintiff to, *inter alia*, frequently lifting 20 pounds and walking for five hours in an eight-hour workday, and it contained several postural and environmental

limitations not found in the administrative law judge's RFC. *PAGEID* 451-55.

The administrative law judge did not acknowledge any of the limitations found in Dr. Grodner's medical source statement nor did he discuss or even acknowledge that those limitations were inconsistent with Dr. Grodner's narrative report, the RFC determination, or a finding that plaintiff could perform medium work. Instead, the administrative law judge cited the entirety of Dr. Grodner's opinion and found, without explanation, that the opinion was "mostly consistent with the medical evidence of record." *PAGEID* 65-66. Although, as the Commissioner argues, *see Commissioner's Response*, p. 9, an administrative law judge is not required to provide "good reasons" for the weight he assigns a nontreating source's opinion, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004), it must nevertheless be apparent from a fair reading of the administrative decision that the medical opinions of nontreating sources were at least considered. That is simply not the case here. To the extent that the administrative law judge considered Dr. Grodner's medical source statement, he failed to discuss the opinion with sufficient detail to permit meaningful review by this Court. Under these circumstances, the Court concludes that the matter must be remanded for further consideration of the September 2012 narrative report and medical source statement of Dr. Grodner.

It is accordingly **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security for further consideration of Dr. Grodner's September 2012 opinions.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


April 27, 2015                              *s/Norah McCann King*
                                            Norah McCann King
                                   United States Magistrate Judge

10